**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HANSLEE NANCE,

                  Plaintiff,

     v.

EAST BATON ROUGE PARISH PRISON;
BATON ROUGE, LA PROSECUTOR'S
OFFICE AND SHERIFF'S DEPT.; UNION
COUNTY SHERIFF'S DEPT.; UNION
COUNTY JAIL AND PROSECUTOR'S
OFFICE; FRANK M. CROSE, UNCJ
DIRECTOR; MEDICAL ADMIN.;
WARDEN CAPT. LT. EBRPP. WARDEN,
DIRECTOR, CAPT. LT. MEDICAL
ADMIN.,

               Defendants.

Civil Action No. 04-2215 (KSH)

**OPINION**

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.      INTRODUCTION**

      Hanslee Nance ("Nance" or "plaintiff") is currently serving a 55-year prison sentence for

a murder committed in Plainfield, New Jersey.  He was arrested on May 8, 2002 in Baton Rouge,

Louisiana, where he initially refused to waive extradition to New Jersey.  On June 4, 2002,

Nance waived extradition and was transferred to the Union County Jail in New Jersey.  He was

1

tried and found guilty of murder in 2004.

On May 6, 2004, Nance brought suit under 42 U.S.C. § 1983 against defendants from both Louisiana and New Jersey.  Nance named the following defendants from Louisiana: the East Baton Rouge Parish Prison, the Baton Rouge Prosecutor's Office and the Baton Rouge Sheriff's Department, and various personnel from the East Baton Rouge Parish Prison, namely, the medical administrator, the warden, the captain, and the lieutenant (hereafter, collectively, "the Louisiana defendants").  Nance named the following New Jersey defendants:  the Union County Sheriff's Department, the Union County Jail and its Director, Frank M. Crose, the Union County Prosecutor's Office,  as well as various personnel at the Union County Jail, namely, the medical administrator,  the warden, the captain, and the lieutenant (hereafter, collectively, "the New Jersey defendants").  Nance, proceeding *pro se*, alleges that the Louisiana defendants engaged in "police misconduct to elicit a statment [sic] or and [sic] confession from me at all cost [sic] regardless even if it is false violation of my 8th amendment constitutional right"; and that the New Jersey defendants "devised the evil plan to elicit false statement [sic] and or confession by using cruel and unusual punishment [sic: in]  violation of my 8th amendment right."  (Complaint ¶ 4.)   Nance alleged that his requests for medical treatment have been denied, but that claim was dismissed by this Court in its order of June 21, 2004 because the allegations did not support an inference that his medical needs were serious, a necessary prerequisite to establish a violation of the Eighth Amendment right to adequate medical care, pursuant to Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  Nance seeks unspecified monetary relief, "whatever the court feel [sic] is best."  (Complaint ¶ 7.)  The Court granted him *in forma pauperis* status pursuant to 28 U.S.C. § 1915.

Plaintiff alleges that the Union County Prosecutor's Office ordered the East Baton Rouge Parish Prosecutor's Office to "apply cruel and unusual punishment" on him in order to force him to make a statement or to confess to the murder, and that the Louisiana defendants carried out that plan.  He also alleges the following (reprinted here verbatim):

> The police officers of East Baton Rouge Parish Sheriffs Dept. on May 6, 2002 acted (in agreement with Union County Sheriff's Dept.) with malice and brutality (because I invoked my fifth and sixth (5[th] & 6th) amendment right) on my person's and used police coercive tactic which violated my constitutional right's.  This is clearly police misconduct. Which degraded me mentally and emotionally and verbally threatining me with physical harm.  Then placing me and keeping me (for a period exceeding out of the normal procedure routine) in a holding cell (from 5/6/02 to 5/12/02) with no clothes, no blanket, no mattress, no running water, no working toilet facility, nothing but a concrete floor and wooden bench to sleep on in freezing cold conditions, their unwillingness to place me in an adequate setting caused me permenant physical damage as well as their brutal treatment.
> The psychological trama I suffered is just as real and every bit as debilitating as the physical pain employed.

(Complaint at 2.)

The plaintiff claims that the lack of toilet facilities caused him to defecate in his holding cell, after which he was assaulted by the officers.  He claims that the lack of drinking water caused him to drink his own urine twice.  His complaint continues (reprinted here verbatim):

> I wasn't even allowed to drink any water because there was no operable running water facility in my cell at the time.  And they refused my pleeds and request to be move to a cell with at least a mattress and running water, they said not until I supposedly cooperated and waived my rights.  I finally drank my own urine twice (2). Because I could not take the thirst and dry choking throat, a feeling which had me constantly coughing violantly at throbbing headaches at times. I could not hardly breath in most occasions. I had no choice but to drink my own urine.  Though it pains me to admit it I was so stressed, afraid, and in fear of my life.  I finally realized that those or these people were really serious about physically and mentally torturing me and killing me slowly if I didn't do exactly what they said for

3

me to do.

(Complaint Attachment at 3.)

Since the plaintiff is proceeding *pro se*, the Court is required to read his pleadings liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  This Court will "apply the applicable law, irrespective of whether [the] *pro se* litigant has mentioned it by name," <u>Holley v. Dep't of Veteran Affairs</u>, 165 F.3d 244, 248 (3d Cir. 1999), and will "resolve all doubtful questions in favor of the pleader." <u>Gray v. Occidental Life Ins. Co. of Cal.</u>, 387 F.2d 935, 936 (3d Cir. 1968). From the allegations in the complaint, the Court gathers that the plaintiff complains of police misconduct and inadequate conditions of confinement.  Currently before this Court are three motions: a motion to dismiss by the Union County Sheriff's Department, Union County Jail and Frank M. Crose (document #42); a motion to dismiss/motion for summary judgment by the Union County Prosecutor's Office (document #44); and a motion to dismiss/motion for summary judgment by the East Baton Rouge Prison and East Baton Rouge Sheriff's Office (document #45).

## II.    STANDARDS

### A.    Motion to Dismiss Standard

When considering a motion to dismiss, all allegations in the non-movant's pleadings will be accepted as true, and all reasonable inferences are drawn in the non-movant's favor. <u>Curtis v. Everette</u>, 489 F.2d 516, 518 (3d Cir. 1973).  However, when considering the non-movant's allegations in the pleadings, the trial court need not credit "bald assertions" or "legal conclusions." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997). The Court is also entitled to consider "exhibits attached to the complaint and matters of public

4

record." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,  998 F.2d 1192, 1196 (3d Cir.

1993).

### B.    Summary Judgment Standard

The Court will grant a motion for summary judgment "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. Pro. 56(c).  The moving party must "demonstrate the

absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

 A material fact is a fact  "that might affect the outcome of the suit under the governing law."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All facts will be viewed in the light

most favorable to the non-movant.  Id. at 256.  All inferences drawn from the facts will also be

viewed in the light most favorable to the non-movant, Matsushita Electric Indus. Co., Ltd. v.

Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III.   DISCUSSION

### A.    Claims Against Unnamed Defendants

At the outset, the Court will dismiss the claims against the unnamed defendants, *sua*

*sponte*.  In his complaint, the plaintiff named numerous defendants by title or position, rather by

name.  The plaintiff named the following defendants from the East Baton Rouge Parish Prison:

the medical administrator, the warden, the captain, and the lieutenant.   He named the same

defendants from the Union County Jail, to wit:  the medical administrator,  the warden, the

captain, and the lieutenant.  Unnamed defendants "are routinely used as stand-ins for real parties

until discovery permits the intended defendants to be installed."  Hindes v. F.D.I.C,. 137 F.3d

148, 155 (3d Cir. 1998).   In this case, discovery is complete and plaintiff has not submitted the actual identities of the prison personnel he has identified by title only.[1]

     **B.**     **Motion to Dismiss by the Union County Sheriff's Department, the Union County Jail, and Frank M. Crose**

     The Union County Sheriff's Department, the Union County Jail, and Frank M. Crose, the director of the Union County Jail, argue that the complaint against them should be dismissed because the plaintiff has not alleged any specific acts by them that have violated the plaintiff's rights, with the exception of the claim for inadequate medical care that has already been dismissed by this Court.  The remainder of the complaint merely states that these defendants "devised the evil plan to elicit false statement [sic] and or confession by using cruel and unusual punishment." (Union County Sheriff's Department, Union County Jail and Frank M. Crose's Moving Brief at 3, quoting Complaint ¶ 4.)  The plaintiff has not opposed the motion.

     The plaintiff's complaint is subject to the liberal notice pleading standards of Federal Rule of Civil Procedure 8(a).  Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).  That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ. Proc. 8(a).  However, the complaint must "give the defendant fair notice of what the plaintiff's claim is *and the grounds upon which it rests.*"  Conley v. Gibson, 355 U.S. 41, 47 (1957) (emphasis added). The Court has considered the plaintiff's complaint and has read the complaint liberally,  as required.  Even so, the Court agrees with these defendants that the

---

[1]To the extent that the persons holding the supervisory titles are identifiable, it is plaintiff's, not the defendants' or the Court's responsibility to do so.  Moreover, for the reasons discussed *infra* concerning the absence of factual support for plaintiff's sweeping allegations against the named defendant/entities, specific individuals' names need not be inferred when their specific acts are not pleaded.

plaintiff has not set forth any acts by these defendants that were in violation of his rights, nor has the plaintiff made anything but a bald assertion that these defendants devised an "evil plan" against him.  The basis of plaintiff's belief in the existence of the alleged evil plan is not set forth in the complaint.   The plaintiff has not given any times, dates, places, or specific persons who were involved in the alleged evil plan, nor has he set forth the basis of his belief in its existence.           While discovery was proceeding, the plaintiff was given an opportunity to amend his complaint by Court order dated November 1, 2004, but he did not do so. On January 24, 2005, in an Amended Scheduling Order, the Court ordered the plaintiff to "submit a narrative written statement of the facts that will be offered by oral or documentary evidence at trial, a list of all exhibits to be offered into evidence at trial, and a list of the names and addresses of all witnesses plaintiff intends to call at trial, together with a summary of their anticipated testimony."  Signficantly, he plaintiff did not make any submissions pursuant to the Court's order.   Discovery was closed on May 25, 2005, after having been extended for an additional two months at plaintiff's request.  Although the Court must give all due deference to this *pro se* plaintiff, all that plaintiff has put before the Court is a bald assertion that these defendants devised an evil plan against him, which this Court is not required to accept as true without a thread of substantiation.  In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1429-30.  The litigation has persisted for nearly two years, but plaintiff has still not provided any information about what these defendants did or what led the plaintiff to believe that they devised the alleged evil plan against him. "[C]onclusory allegations . . . without supporting facts are not sufficient to make out a complaint under 42 U.S.C. § 1983."  Curtis v. Everette,  489 F.2d at 521.  Therefore,  the motion to dismiss by the Union County Sheriff's Department, Union

County Jail, and Frank M. Crose (document #42) is **granted.**

**B.      Motion to Dismiss/Motion for Summary Judgment by the Union County Prosecutor's Office**

The Union County Prosecutor's Office asserts that the Court should dismiss the complaint for failure to provide discovery pursuant to Federal Rule of Civil Procedure 37. (Union County Prosecutor's Moving Brief at 9.)  This defendant also argues that the Court should grant summary judgment in its favor because the plaintiff has failed to produce sufficient facts to support the allegations contained in the complaint. (Id. at 10.)

**1.      Motion to Dismiss**

The Union County Prosecutor's Office (hereafter, "UCPO") argues that since the plaintiff has failed to provide answers to its interrogatories, the complaint against it should be dismissed.  (Id. at 9.)  The UCPO points out that plaintiff has been given two extensions to comply with the discovery requests,  but has still not answered its interrogatories.  (Id.)  As a result of plaintiff's failure to provide answers to the interrogatories, the UCPO asserts that it has been forced to speculate regarding the facts and legal theories supporting plaintiff's claims, greatly prejudicing it and supporting dismissal of the plaintiff's claim.  Plaintiff has not responded to the UCPO's motion to dismiss.

Under Federal Rule of Civil Procedure 37(d), if a party fails to serve answers to interrogatories, the Court "may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."  Fed.R.Civ.P. 37(d).  Rule 37(b)(2)(C) authorizes the Court to dismiss the action or proceeding.  Fed.R.Civ.P. 37(b)(2)(C).  In <u>Poulis v. State Farm Fire and Casualty Co.,</u>

747 F.2d 863 (3d Cir. 1984), the Third Circuit set out the following factors to be balanced when

deciding whether to dismiss a case for failure to comply with discovery:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to
> the adversary caused by the failure to meet scheduling orders and respond
> to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the
> party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of
> sanctions other than dismissal, which entails an analysis of *alternative
> sanctions;* and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d at 868 (emphases in original).

As to the first factor, the extent of the party's personal responsibility for the failure,  the

plaintiff was entirely responsible for the failure to provide answers to the interrogatories – since

he is proceeding *pro se*, there was no failure on the part of counsel which might excuse

plaintiff's failure to provide the answers.  Moving to the second factor, the prejudice to the

adversary caused by the failure to comply with discovery, the Court agrees with the UCPO's

argument that they have been prejudiced by the plaintiff's failure to answer the interrogatories

because they are unable to effectively reply to the plaintiff's claims without additional

information concerning the plaintiff's actual complaint against them, beyond his broad

allegation that they devised an "evil plan" against him.  As to the third factor, the party's history

of dilatoriness, the Court notes that the plaintiff's answers to interrogatories were originally due

on December 22, 2004.   Nance v. East Baton Rouge Parish Prison, No. 04-2215 (D.N.J. Nov. 1,

2004) (Scheduling Order).   In response to plaintiff's request for an extension of time to comply

with discovery, the Court extended the due date to March 28, 2005.  Nance v. East Baton Rouge

Parish Prison, No. 04-2215 (D.N.J. Jan 24, 2005) (Amended Scheduling Order).   In that same

order, the Court advised the plaintiff that his failure to comply with the scheduling orders may result in sanctions.  Id.   Nonetheless, the Court granted plaintiff another extension of time to comply with discovery, extending the due date to May 20, 2005.  Nance v. East Baton Rouge Parish Prison, No. 04-2215 (D.N.J. May 10, 2005) (Order on Informal Application).  In that order, the Court advised the plaintiff that his failure to comply might result in dismissal of his complaint.  Id.

The fourth factor requires consideration of whether the history of dilatoriness and plaintiff's failure to follow discovery orders amounted to conduct that was willful or in bad faith.  The UCPO has not suggested that the plaintiff's failure to answer was in bad faith, nor is there any evidence to suggest that.  The plaintiff is incarcerated, and claims to have access to the prison library only once every other week.  He has stated that he is unable to follow procedures due to his limited access to the rules and limited availability of mailing at the prison.  He is not being assisted by counsel, his numerous applications for *pro bono* counsel having been denied.  However, he has provided answers to another defendant's interrogatories on June 8, 2005, belying his claim that he is unable to follow procedures, but also belying any inference that he failed to answer the UCPO's interrogatories willfully or in bad faith.

The fifth factor from Poulis requires the Court to do an analysis of alternative sanctions to gauge the effectiveness of sanctions other than dismissal.  "Under the Federal Rules of Civil Procedure and the 1983 amendments, the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders."  Poulis, 747 F.2d at 869.   Since this plaintiff is a prisoner and has been granted indigent status by the Court, any attempt to impose expenses on the

10

plaintiff as a sanction would be fruitless.  Therefore,  any monetary sanctions that this Court

might impose against this plaintiff would be meaningless.  The Court is also authorized, under

Federal Rule of Civil Procedure 37(d) (and, by reference, 37(b)(2)(C)) to strike out "pleadings or

parts thereof," or to "render[] a judgment by default against the disobedient party." Fed.R.Civ.P.

37(b)(2)(C).  The effect of striking out the pleadings as against UCPO would be the same as a

dismissal of the claim against UCPO, as would entering a judgment by default.  Under the

circumstances of this case, there does not appear to be an effective alternative sanction

available.

The final <u>Poulis</u> factor is to consider the meritoriousness of the claim.  "A claim . . . will

be deemed meritorious when the allegations of the pleadings, if established at trial, would

support recovery by plaintiff."  <u>Poulis</u>, 747 F.2d at 869-870.  As previously discussed, the entire

remaining claim against UCPO consists of one statement by the plaintiff – his allegation that the

UCPO "devised the evil plan to elicit a false statement and or confession by using cruel &

unusual punishment."  The plaintiff has not submitted any opposition to the motion to dismiss,

nor has he submitted a narrative written statement of the facts that he intends to offer, nor has he

submitted a list of exhibits that he will offer at trial, nor has he provided a list of witnesses that

he intends to call at trial, any of which might have assisted the Court in evaluating the validity of

the plaintiff's claim.  The Court cannot rely on a single "vague and nonspecific statement[]" in

the complaint to test the meritoriousness of this claim.  <u>Id.</u> at 870.

The Court is cognizant that "[d]ismissal must be a sanction of last, not first, resort."  <u>Id.</u>

at 869.  However, weighing the above factors, particularly the lack of availability of other

effective sanctions against this plaintiff and the numerous opportunities that the Court has given

11

the plaintiff to correct the situation,  the Court finds that dismissal is warranted in this case.

Therefore, the UCPO's motion to dismiss (document #44) is **granted.**

### 2.      Summary Judgment Motion

Since the Court has granted the UCPO's motion to dismiss, the court need not undertake

an analysis of UCPO's motion for summary judgment.

### C.      Motion to Dismiss/Motion for Summary Judgment by the East Baton Rouge Prison and the East Baton Rouge Sheriff's Office

The East Baton Rouge Prison and the East Baton Rouge Sheriff's Office (hereafter,

"The EBR defendants") argue that the Court should dismiss the claim against them because it is

barred by the applicable Louisiana statute of limitations for §1983 cases.  (EBR Defendants'

Moving Brief at 7.)  Alternatively, they argue that the Court should grant summary judgment in

their favor because the plaintiff has failed to demonstrate any genuine issues of material facts

that would evince a need for trial.  (Id.)  Finally, they argue that the claim should be dismissed

because this Court lacks personal jurisdiction over the EBR defendants. (Id.)   The plaintiff did

not submit an opposition to the EBR defendants' arguments.

### 1.      Motion to Dismiss/Statute of Limitations

The EBR defendants first argue that the Court should dismiss plaintiff's claims against

them because it is barred by the one-year Louisiana statute of limitations for personal injury

suits.  (EBR Defendants' Moving Brief at 7.)  They argue that since the violations that plaintiff

alleges in his complaint against the EBR defendants occurred while plaintiff was incarcerated in

East Baton Rouge – May 6 through May 12, 2002 – and the complaint was not filed until May 6,

2004, the complaint is time-barred.  (Id.)  The EBR defendants did not explain how they decided that Lousiana law should apply, nor did they engage in a choice of law analysis.  The plaintiff did not respond to the EBR defendants' argument.

There is no federal statute of limitations under 42 U.S.C. § 1983.  Hileman v. Knable, 391 F.2d 596, 597 (3d Cir. 1968).  In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court decided that all claims brought under § 1983 should use the statute of limitations of the state involved which applies to actions for personal injuries.  Id. at 266-267.  However, in that case, the Court was not called upon to decide which statute of limitations should be utilized when the forum state is not the same as the state in which the cause of action arose because in that case the cause of action arose in New Mexico and the case was brought in district court in New Mexico.  However, in this action, the cause of action against the EBR defendants arose in Louisiana, which has a one-year statute of limitations for personal injury actions, La. Civ. Code Art. 3492,  while the forum state,  New Jersey, has a two-year statute of limitations for personal injury actions.  N.J.S.A. 2A:14-2.  Therefore, if Louisiana law applies, the complaint is time barred by the statute of limitations, but if New Jersey law applies, the complaint was timely filed.

Because the parties have not provided the Court with a choice of law analysis, the Court will first consider the remaining arguments of the EBR defendants.

### 2.        Motion to Dismiss/Personal Jurisdiction

The EBR defendants next argue that the Court should grant summary judgment in their favor because this Court lacks personal jurisdiction over them.  (EBR Defendants' Moving Brief

at 7, 9.)  They first state, without explanation,  that the East Baton Rouge Parish Prison is not a legal entity capable of being sued.  (Id. at 5.)  They next argue that since both EBR defendants are non-resident defendants, they are not subject to the jurisdiction of this Court because they have not  purposely availed themselves of the privileges of the state of New Jersey, they did not conduct business in New Jersey, they did not travel to New Jersey, and the harm that the plaintiff alleges did not occur in New Jersey. (Id. at 10-11.)   The plaintiff did not submit any opposition to the EBR defendants' claim of lack of personal jurisdiction.

"[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Carteret Sav. Bank, F.A. v. Shushan,  954 F.2d 141, 146 (3d Cir. 1992).  The plaintiff has not presented this Court with any argument to show that this Court may properly assume personal jurisdiction over these defendants.  However, because this plaintiff is proceeding *pro se*,  the Court will consider whether it may properly assume personal jurisdiction.

Under the New Jersey long arm statute, jurisdiction is co-extensive with the due process requirements of the U.S. Constitution.  N.J. Court Rule 4:4-(c); also see Carteret, 954 F.2d at 145.  The due process requirements under the U.S. Constitution were enunciated in International Shoe Co. v. Washington, 326 U.S. 310 (1945).  There, the Supreme Court stated that a court may exercise personal jurisdiction over a non-resident defendant either through that defendant's presence in the forum or where there are sufficient minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Id. at 316 (internal citations omitted).  In this case, the defendants argue that they did not conduct business in New Jersey, they did not travel to New Jersey, the harm that the plaintiff

14

alleges did not occur in New Jersey, and they would not have been able to reasonably anticipate that they would be subject to suit in New Jersey based upon their actions in Louisiana.  Because the the first prong of the <u>International Shoe</u> test has not been fulfilled,  the Court need not reach the second part of the inquiry, whether maintenance of this suit would offend traditional notions of fair play and substantial justice.   The Court agrees with the EBR defendants and finds that there are insufficient contacts with New Jersey for this Court to exercise personal jurisdiction over these defendants.

However, even if this Court were to exercise personal jurisdiction over the EBR defendants, the Court finds that New Jersey is not the proper venue..

### i.    Venue

Although the defendants have not requested a change of venue, the Court is entitled to consider venue *sua sponte.*   <u>Bank Express Intern. v. Kang</u>,  265 F.Supp.2d 497, 507 n.12 (E.D.Pa. 2003).  <u>Also</u> <u>see</u> <u>Chukwu v. Air France</u>, 218 F.Supp.2d 979, 990 (N.D.Ill.2002).  Where a federal court's jurisdiction over a civil suit is not based on diversity, as in this case,  venue is governed by 28 U.S.C. 1391(b).  That statute provides that, except as otherwise provided by law, the venue of such an action is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(b).  In this case, since the claims against the New Jersey defendants have

been dismissed, venue in New Jersey is not proper under § 1391(b)(1).   The claims against the Louisiana defendants arose from events that allegedly occurred in Louisiana while the plaintiff was incarcerated at the East Baton Rouge Parish Prison, eliminating the possibility of New Jersey as a proper venue under § 1391(b)(2).  Under § 1391(b)(3), where there is no other district in which the action may be brought, venue is proper in any judicial district where any defendant might be found.   Since it appears that venue would be proper in the Middle District of Louisiana, which embraces East Baton Rouge, under § 1391(b)(2), and since there is no evidence that any of the Louisiana defendants "may be found" in New Jersey, venue is not proper in New Jersey under § 1391(b)(3).   Venue in New Jersey, therefore, is not proper under § 1391(b).  When venue is not proper, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Therefore, the question before this Court is whether this case should be dismissed or whether it should be transferred to the Middle District of Louisiana in the interest of justice.

Should this Court decide to transfer the case to the Middle District of Louisiana, that Court will be bound to apply "the statute of limitations of the state involved which applies to actions for personal injuries."  Wilson v. Garcia, 471 U.S. at  266-267.  Since the cause of action against the EBR defendants arose in Louisiana and the forum state would be Louisiana, the Louisiana statute of limitations for personal injury actions would apply.  Louisiana has a one-year statute of limitations for personal injury actions.  La. Civ. Code Art. 3492.  Therefore, if this Court transfers the action to the Middle District of Louisiana, the action will be time-barred by

16

the one-year statute of limitations, as discussed *supra*, § III.C.1.    Under these circumstances,

the interests of justice will not be served by transferring the case to that district.    Therefore,

pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391(b), the Court shall dismiss the claim

against the EBR defendants for lack of venue.    Alternatively, as discussed above,  the EBR

defendants' motion to dismiss for lack of personal jurisdiction is **granted.**

## V.    CONCLUSION

Based on the foregoing, the motion to dismiss by the Union County Sheriff's

Department, Union County Jail, and Frank M. Crose (document #42) is **granted**;   the UCPO's

motion to dismiss (document #44) is **granted**;   and the EBR defendants' motion to dismiss

(document #45) is **granted.** The claims against the defendants identified only by position and

not specifically named are **dismissed**.  An appropriate order will be entered.

**Dated:** March 30, 2006

/s/ Katharine S. Hayden

**Katharine S. Hayden**
**United States District Judge**

17